1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6

7    TYNISHA MARIE HORNBUCKLE,              Case No. 16-cv-05527-PJH

            Plaintiff,
8
                                            **ORDER OF SERVICE**
         v.
9

10   WARDEN MATEVOUSIAN, et al.,

            Defendants.
11

12

13       Plaintiff, a federal prisoner, has filed a pro se civil rights complaint pursuant to

14   *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  The second amended

15   complaint was dismissed with leave to amend and plaintiff has filed a third amended

16   complaint.

17                               **DISCUSSION**

18       **STANDARD OF REVIEW**

19       Federal courts must engage in a preliminary screening of cases in which prisoners

20   seek redress from a governmental entity or officer or employee of a governmental entity.

21   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

22   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief

23   may be granted, or seek monetary relief from a defendant who is immune from such

24   relief.  *Id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v.*

25   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

26       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

27   of the claim showing that the pleader is entitled to relief."  "Specific facts are not

28   necessary; the statement need only '"give the defendant fair notice of what the . . . . claim

United States District Court
Northern District of California

United States District Court
Northern District of California

1    is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

2    (citations omitted).  Although in order to state a claim a complaint "does not need detailed

3    factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

4    to relief' requires more than labels and conclusions, and a formulaic recitation of the

5    elements of a cause of action will not do. . . .   Factual allegations must be enough to

6    raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550

7    U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state

8    a claim to relief that is plausible on its face."  *Id.* at 570.  The United States Supreme

9    Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal

10   conclusions can provide the framework of a complaint, they must be supported by factual

11   allegations.  When there are well-pleaded factual allegations, a court should assume their

12   veracity and then determine whether they plausibly give rise to an entitlement to relief."

13   *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

14          To state a private cause of action under *Bivens*, and its progeny, a plaintiff must

15   allege: (1) that a right secured by the Constitution of the United States was violated, and

16   (2) that the alleged deprivation was committed by a federal actor.  *Van Strum v. Lawn*,

17   940 F.2d 406, 409 (9th Cir. 1991) (§ 1983 and *Bivens* actions are identical save for the

18   replacement of a state actor under § 1983 by a federal actor under *Bivens*).

19          **LEGAL CLAIMS**

20          Plaintiff states that she received inadequate medical care at FCI-Dublin.

21          Deliberate indifference to serious medical needs violates the Eighth Amendment's

22   proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104

23   (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other*

24   *grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en

25   banc).  A determination of "deliberate indifference" involves an examination of two

26   elements: the seriousness of the prisoner's medical need and the nature of the

27   defendant's response to that need.  *Id.* at 1059.

28

United States District Court
Northern District of California

1        A "serious" medical need exists if the failure to treat a prisoner's condition could

2   result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.*

3   The existence of an injury that a reasonable doctor or patient would find important and

4   worthy of comment or treatment; the presence of a medical condition that significantly

5   affects an individual's daily activities; or the existence of chronic and substantial pain are

6   examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at

7   1059-60.

8        A prison official is deliberately indifferent if he or she knows that a prisoner faces a

9   substantial risk of serious harm and disregards that risk by failing to take reasonable

10  steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must

11  not only "be aware of facts from which the inference could be drawn that a substantial

12  risk of serious harm exists," but he "must also draw the inference." *Id.*  If a prison official

13  should have been aware of the risk, but was not, then the official has not violated the

14  Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290

15  F.3d 1175, 1188 (9th Cir. 2002).  "A difference of opinion between a prisoner-patient and

16  prison medical authorities regarding treatment does not give rise to a § 1983 claim."

17  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

18       Plaintiff states that various doctors and officials denied proper medical care or

19  failed to adequately treat her and a correctional officer denied medical care and never

20  called for assistance when she vomited and collapsed.  Liberally construed, plaintiff's

21  allegations against Mr. Litsenberger, Officer Raski, Physician's Assistant Cespedes,

22  Physician's Assistant Johnson, Warden Matevousian, and Dr. Snell are sufficient to

23  proceed.  Plaintiff identifies several other individuals and describes their actions;

24  however, her bare allegations with little information fail to set forth a constitutional

25  violation against these parties.

26  **CONCLUSION**

27       1. All defendants are dismissed with prejudice except Mr. Litsenberger, Officer

28  Raski, Physician's Assistant Cespedes, Physician's Assistant Johnson, Warden

3

United States District Court
Northern District of California

1  Matevousian, and Dr. Snell.

2  　　2.  The clerk shall issue a summons and the United States Marshal shall serve,

3  without prepayment of fees, copies of the complaint with attachments and copies of this

4  order on the following defendants at FCI-Dublin: Mr. Litsenberger, Officer Raski,

5  Physician's Assistant Cespedes, Warden Matevousian , and Dr. Snell.

6  　　3.  In order to expedite the resolution of this case, the court orders as follows:

7  　　　　a.  No later than sixty days from the date of service, defendants shall file a

8  motion for summary judgment or other dispositive motion.  The motion shall be supported

9  by adequate factual documentation and shall conform in all respects to Federal Rule of

10 Civil Procedure 56, and shall include as exhibits all records and incident reports

11 stemming from the events at issue.  If defendant is of the opinion that this case cannot be

12 resolved by summary judgment, she shall so inform the court prior to the date her

13 summary judgment motion is due.  All papers filed with the court shall be promptly served

14 on the plaintiff.

15 　　　　b.  At the time the dispositive motion is served, defendants shall also serve,

16 on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154

17 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120

18 n. 4 (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand*

19 and *Wyatt* notices must be given at the time motion for summary judgment or motion to

20 dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

21 　　　　c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with

22 the court and served upon defendants no later than thirty days from the date the motion

23 was served upon him.  Plaintiff must read the attached page headed "NOTICE --

24 WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-

25 954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir.

26 1988).

27 　　If defendants file a motion for summary judgment claiming that plaintiff failed to

28 exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

      d.  If defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon her.

      e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

    4.  All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

    6.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 9, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2016\2016_05527_Hornbuckle_v_Washington-Adduci_(PSP)\16-cv-05527-PJH-serve.docx

5

United States District Court
Northern District of California

1

### NOTICE -- WARNING (SUMMARY JUDGMENT)

2        If defendants move for summary judgment, they are seeking to have your case

3  dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil

4  Procedure will, if granted, end your case.

5        Rule 56 tells you what you must do in order to oppose a motion for summary

6  judgment. Generally, summary judgment must be granted when there is no genuine issue

7  of material fact--that is, if there is no real dispute about any fact that would affect the

8  result of your case, the party who asked for summary judgment is entitled to judgment as

9  a matter of law, which will end your case.  When a party you are suing makes a motion

10  for summary judgment that is properly supported by declarations (or other sworn

11  testimony), you cannot simply rely on what your complaint says.  Instead, you must set

12  out specific facts in declarations, depositions, answers to interrogatories, or authenticated

13  documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's

14  declarations and documents and show that there is a genuine issue of material fact for

15  trial.  If you do not submit your own evidence in opposition, summary judgment, if

16  appropriate, may be entered against you.  If summary judgment is granted, your case will

17  be dismissed and there will be no trial.

18

### NOTICE -- WARNING (EXHAUSTION)

19        If defendants file a motion for summary judgment for failure to exhaust, they are

20  seeking to have your case dismissed.  If the motion is granted it will end your case.

21        You have the right to present any evidence you may have which tends to show

22  that you did exhaust your administrative remedies.  Such evidence may be in the form of

23  declarations (statements signed under penalty of perjury) or authenticated documents,

24  that is, documents accompanied by a declaration showing where they came from and

25  why they are authentic, or other sworn papers, such as answers to interrogatories or

26  depositions. If defendants file a motion for summary judgment for failure to exhaust and it

27

28  is granted, your case will be dismissed and there will be no trial.

6

1

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

3

4

5

6

7

8

TYNISHA MARIE HORNBUCKLE,

Plaintiff,

v.

WARDEN MATEVOUSIAN, et al.,

Defendants.

Case No.  16-cv-05527-PJH

**CERTIFICATE OF SERVICE**

9

10

11

12

13

14

15

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk,

U.S. District Court, Northern District of California.

That on January 9, 2017, I SERVED a true and correct copy(ies) of the attached,

by placing said copy(ies) in a postage paid envelope addressed to the person(s)

hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said

copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

16

17

18

Tynisha Marie Hornbuckle ID: 66383-097
FCI Aliceville
11070 Highway 14
P O Box 4000
Aliceville, AL 35442

19

20

21

Dated: January 9, 2017

22

23

24

25

26

27

28

Susan Y. Soong
Clerk, United States District Court

By:_____

Nichole Peric, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON